IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01190-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 3 0 2009

GREGORY C. LANGHAM
CLERK

JOHN J. POWERS,

      Plaintiff,

v.

PETE HAUTZINGER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Defendants.

## ORDER OVERRULING OBJECTION

This matter is before the Court on the "Request for Court to Reconsider Order Entered on June 9th, 2009 in this Case Because Defendant is not Attacking the Execution of his Sentence," that Mr. Powers, a detainee at the Mesa County Detention Facility in Grand Junction, Colorado, filed with the Court on June 17, 2009. In the Request, Mr. Powers objects to Magistrate Judge Boyd N. Boland's June 9, 2009, Order that construes the claims he asserts in his Prisoner Complaint as claims properly raised in a 28 U.S.C.§ 2241 Application. The Court will construe the Request liberally as an Objection filed pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons stated below, the Objection will be overruled.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Mr. Powers asserts in the Objection that pursuant to *Smith v. Doe*, 538 U.S. 84 (2003), he is able to

challenge the constitutionality of the Colorado sex offender registration statutes in a 42 U.S.C. § 1983 action.

As indicated by Magistrate Judge Boland in the June 9, 2009, Order, it is well established that a challenge of the execution of a sentence is the purpose of a 28 U.S.C. § 2241 action, *see Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000), and the sole remedy available to Mr. Powers in challenging the execution of a sentence is a writ of habeas corpus pursuant to § 2241, after he has exhausted his state court remedies, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). Mr. Powers reliance on *Smith* is misplaced for his argument that he is able to bring an action attacking the Colorado sex offender statutes under § 1983. In *Smith*, the plaintiffs were not subject to a pending revocation of their parole as is Mr. Powers.

Mr. Powers states in the Prisoner Complaint that he seeks to "void the pending prosecutions for failure to register," as part of his request for relief. (Compl. at 9.) Mr. Powers also argues on Page Four of the Objection that he should not be subjected to a possible two-year sentence simply because he failed to comply with the registration requirement under the Colorado sex offender registration statutes. Mr. Powers clearly is challenging the pending revocation of his parole based on the Colorado sex offender registration statues. The Court, therefore, finds that his claims properly are presented to this Court in a federal habeas action after he has exhausted his state court remedies.

The Court concludes that Magistrate Judge Boland's June 9, 2009, Order is neither clearly erroneous nor contrary to law. Mr. Powers' liberally construed Objection will be overruled. Accordingly, it is

2

ORDERED that the Request for Court to Reconsider (Doc. # 9), filed on June 17, 2009, is construed liberally as an Objection filed pursuant to 28 U.S.C. § 636(b)(1)(A), and is overruled.  It is

FURTHER ORDERED that Mr. Powers has **thirty days from the date of this Order** to comply with the June 9, 2009, Order if he wishes to pursue his claims in this action.  It is

FURTHER ORDERED that if Mr. Powers fails to comply with the June 9, 2009, Order, within the time allowed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 29 day of _____ June _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-01190-BNB

John J. Powers
Prisoner No. 221421
Mesa County Detention Facility
P.O. Box 20,000-5017
Grand Junction, CO 81502


    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/30/09

GREGORY C. LANGHAM, CLERK

By:_____
               Deputy Clerk