IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01190-REB-BNB

JOHN J. POWERS,

Plaintiff,

v.

PETE HAUTZINGER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the plaintiff's **Emergency Request for a Restraining Order to Prohibit State Employees from Blocking Access to this Honorable Federal Court** [Doc. #23, filed 09/10/2009] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff filed his Amended Prisoner Complaint (the "Complaint") on July 31, 2009 [Doc. #14]. The plaintiff asserts one claim which challenges the constitutionality of Colorado's Sex Offender Registration Statute. The Complaint names as defendants Pete Hautzinger, District Attorney of Mesa County (because he enforces the statute), and John Suthers, Attorney General of Colorado (because he supports enforcement of the statute).

The plaintiff is currently incarcerated at the Mesa County Detention Facility. He seeks injunctive relief in the form of an order requiring staff at the facility to supply him with pens, paper, stamps, and envelopes so that he can maintain this civil action.

The plaintiff may not use this action to seek an injunction concerning events and defendants that are wholly unrelated to those asserted in the existing Complaint. If the plaintiff wishes to assert a claim for injunctive relief regarding events that occurred at the Mesa County Detention Facility, he must (after exhausting available administrative remedies) either file a separate complaint raising those issues or seek leave to amend his complaint to include those claims.

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 27, 2009.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge