IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01190-REB-BNB

JOHN J. POWERS,

Plaintiff,

v.

PETE HAUTZINGER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Defendants.
_____

## ORDER
_____

This matter arises on the plaintiff's **Motion for Leave to Add Necessary Parties and to Add Facts Supporting Addition of Parties** [Doc. #72 filed 03/23/2010] (the "Motion"). The Motion is DENIED WITHOUT PREJUDICE.

The plaintiff filed his Amended Prisoner Complaint (the "Amended Complaint") on July 31, 2009 [Doc. #14]. The plaintiff asserts one claim which challenges the constitutionality of Colorado's Sex Offender Registration Statute. The Amended Complaint names as defendants Pete Hautzinger, District Attorney of Mesa County (because he enforces the statute), and John Suthers, Attorney General of Colorado (because he supports enforcement of the statute).

The plaintiff seeks to amend his Amended Complaint to "dismiss the Attorney General from this case and add Deputy Sheriff Sue Hicks and Ms. Flaverty, Asst. D.A. of Mesa County, Colorado as defendants." He further seeks to "add facts supporting addition of parties." The plaintiff does not attach a proposed second amended complaint to the Motion.

Rule 15, Fed.R.Civ.P., provides that a complaint may be amended once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id. at 15(a)(2).

The defendants served a motion under Rule 12(b) on December 14, 2009. [Doc. #47]. Therefore, the plaintiff must either obtain consent from the defendants or file a motion seeking leave of court to amend his Complaint. The plaintiff may not amend his Amended Complaint by simply filing piecemeal amendments and supplements. Rather, he must file the entire proposed second amended complaint. The plaintiff may not incorporate by reference his original Complaint or his Amended Complaint into the second amended complaint. The second amended complaint must stand alone; it must contain all of the plaintiff's claims. Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Accordingly,

IT IS ORDERED that the Motion is DENIED WITHOUT PREJUDICE, subject to compliance with this Order.

Dated March 26, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge